1   P. Kristofer Strojnik, SBN 242728
2   pstrojnik@strojniklaw.com
    Esplanade Center III, Suite 700
3   2415 East Camelback Road
    Phoenix, Arizona 85016
4   415-450-0100 (tel.)

5   Attorneys for Plaintiff

6

7                    **UNITED STATES DISTRICT COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9   THERESA BROOKE, a married woman
    dealing with her sole and separate claim,    Case No:
10
                                                 **VERIFIED COMPLAINT**
11               Plaintiff,

12  vs.                                          **(JURY TRIAL DEMANDED)**

13
    8490 WEHO LP, a Delaware limited
14  partnership,

15
                 Defendant.
16

17        Plaintiff alleges:

18                              **PARTIES**

19        1.     Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled,

20  and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2),

21  the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the

22  California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due

23  to the loss of a leg.

24        2.     Defendant, 8490 Weho LP, owns and/or operates and does business as the

25  hotel 1 Hotel West Hollywood located at 8490 Sunset Boulevard, West Hollywood,

26  California 90069. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. §

27  12181(7)(A), which offers public lodging services. On information and belief,

28  Defendant's hotel was built or renovated after March 15, 2012.

**JURISDICTION**

3.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

4.      Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

5.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

6.      Pursuant to *Arroyo v. Rosas*, supplemental jurisdiction is appropriate over Plaintiff's Unruh claim. On a case-specific analysis, there are no compelling reasons to decline jurisdiction.

**ALLEGATIONS**

7.      Plaintiff alleges that Defendant's hotel does not have a compliant access aisle at the passenger loading zone adjacent to the hotel lobby in violation of Sections 209 and 503 of the 2010 Standards. An access aisle has specific requirements to be compliant with the Standards: It must be (1) 60 inches wide and at least 20 feet long, (2) it must have an accessible route adjoining it, and (3) it cannot be within a vehicular way. Section 503.3.

8.      The requirement for an access aisle at a passenger loading zone is immensely important for a person in a wheelchair such as Plaintiff, as it provides safe access to the entry of the hotel and deters others from placing encumbrances or obstacles there such as a vehicle parking. An access aisle is akin to a cross-walk for pedestrians. Absence of an access aisle where required creates dangerous conditions for a person in a wheelchair such as Plaintiff.

9.      Plaintiff formerly worked in the hospitality industry. She and her husband are avid travelers to California for purposes of leisure travel and to "test" whether various hotels comply with disability access laws. Testing is encouraged by the Ninth Circuit.

2

1      10.     Plaintiff and her husband traveled to Los Angeles in late August 2023 for

2   testing ADA compliance and leisure travel. She anticipates lodging at and has concrete

3   plans to lodge at Defendant's hotel in February 2024. If she arrives and the violations

4   alleged herein are not fixed, she will be precluded from lodging there again and her

5   deterrence will continue.

6      11.     During this trip, Plaintiff personally visited Defendant's hotel.

7   Defendant's hotel has a passenger loading zone because pickup and dropoff occurs

8   there and it is located directly outside of the lobby entrance. There are also design

9   features showing an intent for utilization as a passenger loading zone. For example,

10  there is a *porte cochere*, which by definition is a design feature for passenger loading

11  zones. According to the U.S. Access Board Technical Guidelines on Passenger Loading

12  Zones, passenger loading zones are so common at hotels that even it recognizes "many

13  hotel entrances" have the design features indicating an intent to utilize as PLZs.

14     12.     While at Defendant's hotel, she discovered that Defendant's hotel has a

15  barrier to entry to the lobby, which is that the passenger loading zone does not have an

16  access aisle compliant with Section 503.3. It is an absolute requirement to have an

17  access aisle at a passenger loading zone pursuant to Sections 209 and 503. The

18  requirement of an access aisle at a passenger loading zone relates to Plaintiff's

19  disability of not having one leg and being forced to use a wheelchair because access

20  aisles are required so persons in a wheelchair can maneuver without threat of danger

21  from other vehicles and without other encumbrances obstructing their pathway. The

22  lobby, therefore, is inaccessible to Plaintiff by way of the passenger loading zone

23  because there is no access aisle.

24     13.     Additionally, Defendant's hotel provides for valet parking in the

25  passenger loading zone area. Section 209.4 of the Standards requires a mandatory

26  access aisle where valet parking services are provided, but Defendant does not provide

27  for an access aisle as indicated above. Accordingly, Defendant also violates Section

28  209.4 because it provides for valet but does not provide for an access aisle.

14.     Plaintiff gained actual and personal knowledge of a barrier while visiting Defendant's hotel (no access aisle at passenger loading zone), and as a result, she was deterred from entering the hotel both from the barrier and due to the lack of equality. She anticipates returning to this hotel and has concrete plans to do so in February 2024 (see above), but she will only lodge at the hotel if Defendant puts the required access aisle into place and gives notice of such remediation before her definitive return. Visiting otherwise would be futile because the lack of the access aisle represents a barrier to entering the lobby.

15.     It is readily achievable and inexpensive to modify the hotel to provide an access aisle, which involves painting and measuring tools.

16.     Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

### FIRST CAUSE OF ACTION

17.     Plaintiff incorporates all allegations heretofore set forth.

18.     Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

19.     Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

20.     In violation of the 2010 Standards, Defendant's hotel passenger loading zone does not have a disability access aisle compliant with Section 503.3 of the Standards.

4

21.    Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

22.    Defendant's conduct is ongoing, and Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

23.    Without the requested injunctive relief, Defendant's non-compliance with the ADA's requirements that its passenger loading zone be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

d. Provision of whatever other relief the Court deems just, equitable and appropriate.

### SECOND CAUSE OF ACTION

24. Plaintiff incorporates all allegations heretofore set forth.

25.    Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

26.    Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C.

5

1  §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the

2  2010 Standards would neither fundamentally alter the nature of Defendant's lodging

3  services nor result in an undue burden to Defendant.

4      27.    In violation of the 2010 Standards, Defendant's hotel valet parking area

5  does not have a disability access aisle compliant with Section 209.4 of the Standards.

6      28.    Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards,

7  as described above, is readily achievable by the Defendant. *Id*. Readily achievable

8  means that providing access is easily accomplishable without significant difficulty or

9  expense.

10     29.    Defendant's conduct is ongoing, and Plaintiff invokes her statutory right

11 to declaratory and injunctive relief, as well as costs and attorneys' fees.

12     30.    Without the requested injunctive relief, Defendant's non-compliance with

13 the ADA's requirements that its valet parking area be fully accessible to, and

14 independently useable by, disabled people is likely to recur.

15     WHEREFORE, Plaintiff demands judgment against Defendant as follows:

16     a. Declaratory Judgment that at the commencement of this action Defendant
          was in violation of the specific requirements of Title III of the ADA
17        described above, and the relevant implementing regulations of the ADA;

18
       b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR §
19        36.504(a) which directs Defendant to take all steps necessary to bring its
          valet parking area into full compliance with the requirements set forth in
20        the ADA;

21
       c. Payment of costs and attorney's fees;
22

23     d. Provision of whatever other relief the Court deems just, equitable and
          appropriate.
24

25                          **THIRD CAUSE OF ACTION**

26     31.    Plaintiff realleges all allegations heretofore set forth.

27     32.    Defendant has violated the Unruh by denying Plaintiff equal access to its

28 public accommodation on the basis of her disability as outlined above.

33.     Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

34.     Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

35.     Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

36.     Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a.  Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

    b.  Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

    c.  Payment of costs and attorney's fees;

    d.  Damages in the amount of $8,000.00; and

    e.  Provision of whatever other relief the Court deems just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on issues triable by a jury.


RESPECTFULLY SUBMITTED this 4ᵗʰ day of September, 2023.

                                          */s/ P. Kristofer Strojnik*
                                          P. Kristofer Strojnik (242728)
                                          Attorneys for Plaintiff

### VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

1                    DATED this 4th day of September, 2023.

_____

Theresa Marie Brooke